No. 11,234.

THE STATE OF LOUISIANA VS. BENJAMIN FRICKER.

1.   The English statutes on the subject, followed generally by the statutes of the
American States, do not denounce embezzlement as a distinct and independent
crime *eo nomine*, but make it a statutory larceny, and it is, therefore, well held
that an indictment or information under such statutes must allege the owner-
ship of the thing embezzled and contain the other averments essential in
larceny.

2. The Louisiana statute differs in this respect, and contains no language referring embezzlement to the class of larcenies, but denounces it as a substantive and independent crime *eo nomine*, and there is no reason for applying the foreign rule requiring the averments essential in larceny.

3. The statute describes the acts constituting the crime with such precision and certainty as fully to inform the defendant of the nature of the charge, and an information following the words of the statute is sufficient.

APPEAL from the Criminal District Court, Parish of Orleans. *Moise, J.*

*M. J. Cunningham*, Attorney General, and *Lionel Adams*, Assistant District Attorney, for the State, Appellee.

*A. D. Henriques* for Defendant and Appellant.

The opinion of the court was delivered by

FENNER, J. The defendant was tried and convicted, on an information, of the crime of embezzlement under the following statute, omitting words not pertinent:

"Any agent * * * who shall wrongfully use, dispose of, conceal or otherwise embezzle any money, * * * which he shall have received * * * for his principal, * * * or by virtue of his * * * trust or employment, or which shall have been entrusted to his care, keeping or possession by another, or by his principal, * * * upon conviction thereof, or of having been an accessory thereto, before or after the fact, shall suffer imprisonment at hard labor not exceeding seven years." Act 31 of 1888, amending Sec. 905, Revised Statutes.

The information charged the offence as follows:

That the defendant, "being then agent to Louis Dumser, did by virtue of such employment, then and whilst he was so employed as aforesaid, receive and take into his possession certain money, to-wit: the sum of $3.60, for and in the name and on the account of the said Louis Dumser, his principal as aforesaid, and did then fraudulently and feloniously wrongfully use, dispose of, conceal and otherwise embezzle the said money; contrary to the form of the statute of the State of Louisiana in such case made and provided, and against the peace and dignity of the same."

After conviction the defendant filed a motion in [arrest of judgment on the following grounds:

"That the information herein is deficient in matters of substance, and does not allege the ownership of the money claimed to have been embezzled.

"That the information is fatally defective in not alleging the ownership of the money claimed to have been embezzled with the same accuracy and after the same rules as in an information for larceny."

The motion in arrest was overruled, the defendant was sentenced and prosecutes the present appeal, which presents no other question than this motion.

His learned counsel quotes numerous and incontestable authorities from courts and text writers, holding that, under the English and American statutes generally, it is essential to the validity of an indictment or information for embezzlement that it should allege the ownership of the money or thing embezzled, with the same certainty and precision as is required in an indictment for larceny.

The English statutes on this subject, 39 George III, 7 and 8 George IV, and 24 and 25 Victoria, all declare, after defining the acts constituting embezzlement, that the person guilty of such acts "shall be deemed to have feloniously stolen the same from his master or employer," etc.; and we have the authority of Mr. Bishop for saying that "this is the more common form of the enactment, not only in England, but in this country generally." 2 Bish. Cr. L., Sec. 327.

This special clause of the statutes has been the basis of all the adjudications requiring indictments based thereon to contain the material averments necessary in larceny.

In the leading case of Rex vs. McGregor, reported in 2 Leach's Crown Cases, p. 932, we find reproduced the arguments of counsel, which turned wholly on the question whether the statute constituted the facts making up embezzlement into a distinct felony *eo nomine*, or only refers those facts to a class of felonies, the properties of which are known to the common law as larceny. The judges, speaking through Mr. Baron Thompson, gave the following opinion:

"The objection in this case, on the part of the prisoner, was that as the statute 39 Geo. III c. 85 has not made the species of embezzlement therein mentioned *eo nomine* a distinct and substantive felony, but only had enacted that the property received into the possession of the servant, and feloniously converted by him, shall be considered as having been by such conversion feloniously taken

from the possession of the master, the offence still continues a common law larceny, and consequently, that an indictment framed upon this statute must contain all the requisites of an indictment for larceny at common law. And, as in the present indictment, the money alleged to have been stolen is not expressly averred to have been the money of any person whatever, a majority of the judges are of opinion that the objection is well founded, and consequently that the judgment in this case must be arrested.''

The inference is irresistible that, but for the clause referred to, the conclusion would have been different, and an indictment setting forth the facts in the language of the statute would have been sufficient.

This is rendered more clear by the fact that one section of the statute 7 and 8 Geo. IV, Sec. 49, in defining embezzlement by bankers, omits this clause, and enacts that '' if any money, etc., shall be entrusted to any banker, etc., with any direction in writing to apply said money or any part thereof, or etc., for any purpose specified in such direction, and he shall, in violation of good faith, and contrary to the purpose so specified, in anywise convert to his own use or benefit such money, etc., every such offender shall be guilty of a misdemeanor,'' etc. Here was a case in which the facts charged made up a substantial offence and were not declared to be a larceny; and when we refer to the form of indictment under this section prescribed by Mr. Archbold, we find it contains no allegation of ownership of the money converted and no other averments appropriate to larceny. 2 Arch. Cr. Pr. and Pl. (7th Ed.), p. 584; 2 Bish. Crim. Proc., Secs. 338, 339.

The rule formulated in Rex vs. McGregor has been followed ever since by English and American courts as applied [to statutes which characterize the acts of embezzlement as a '' felonous stealing,'' but even as thus applied, it has not escaped criticism.

Mr. Bishop denounces it as a blunder, unsound in reason, though he concedes that it is settled, and must be followed in applying similar statutes. 2 Bish. Cr. Proc., Secs. 318, 319, 320.

But he warns the pleader that decisions on the law applicable to embezzlement are not to be relied on without first seeing '' whether the statute on which it is rendered is, in its terms, the same with the one of his own State.'' Sec. 326.

Referring now to our own statute, we discover that it contains no words equivalent or similar to those of the English and American statutes. The offence therein defined is not made, in any sense, a mere statutory larceny, but is denounced as a substantive and independent crime.

None of the reasons on which the authorities above referred to rest have the slightest application.

This court has already defined the crime of embezzlement as constituted by our statute, and we have not held it to be a " statutory larceny " or embodied in it any of the elements of larceny. On the contrary, we said: " Embezzlement means to appropriate to one's own use property or money entrusted to him by his employer." We further said of the information maintained in that case, " the information follows the statute, employing its identical words;" and on reference to the information maintained on this ground, we find it precisely similar to the one now before us, containing no allegation of ownership and no other averment appropriate to larceny. State vs. Wolff, 34 An. 1153.

We consider this a perfect precedent for sustaining the information in the present case.

But it is claimed that we have held differently in the later case of State vs. Roubles, 43 An. 200. In that case a reference to the decision shows that we were dealing with an information which lacked in several clear statutory requirements. It did not set forth any fiduciary relation in which the defendant was acting, and as we said in the opinion, "it is not alleged to whom the draft belonged, *nor for whose account is was collected.*" Nothing in the opinion indicates that if it had contained the ̈latter ̈essential averment, the information on that point would not have been maintained. Loose expressions wrenched from the context can not be given that effect.

The instant information is complete in its compliance with every statutory requirement. It follows the words of the statute, and those words describe the acts constituting the offence with such precision and certainty as to fully inform the defendant as to the nature of the charge against which he is to prepare his defence and to furnish him a complete plea of *autrefois acquit* or *convict* in bar of another indictment.

This is sufficient under all authorities. 5 An. 340; 6 An. 179; Id. 227; 7 An. 47; 13 An. 243; 37 An. 215; Id. 219; 38 An. 202; Id. 964;

2 Gray, 356; 119 Mass. 300; Whart. Cr. P. and P., Sec. 158; State vs. Boasso, 38 An. 202; 13 An. 243; 8 Blackf. 212; 2 Ia. 162; 13 Miss. 13; 12 Miss. 268; 5 Blackf. 548; 3 Strobh. 269; 6 Miss. 147; 2 Ala. 26; 1 Nott Mc. 91; 3 Penn. 142; 23 McCown 52; 16 Miss. 448; 20 Pick. 356; 3 Brad. 596; 6 Gray 664; 3 Biackf. 307; 1 Bayley 144; 1 Bish. Cr. Proc., Sec. 611; Whart. Cr. P. & P., Sec. 166; Starkie C. P. 73; 1 Bish. Cr. Proc., Sec. 325; 92 U. S. 542; 9 An. 106; Id. 210; 11 An. 648; 25 An. 387; 27 An. 360; 38 An. 144; Id. 202.

The judge *a quo* did not err in overruling the motion in arrest. Judgment affirmed.