(131 So. 36)

## STATE v. COMEAUX et al.
### No. 30792.

Nov. 3, 1930.

Percy T. Ogden, N. S. Hoffpauir, and C. B. De Bellevue, all of Crowley, for appellants.

Percy Saint, Atty. Gen., James A. Gremillion, Dist. Atty., of Crowley, and E. R. Schowalter, Asst. Atty. Gen., for the State.

ST. PAUL, J.

The defendants were charged with stabbing one Gabriel Thibodaux with a dangerous weapon with intent to murder. They were convicted of stabbing with intent to kill. Their appeal presents only one bill of exception.

It appears that these two defendants and one Cleveland Comeaux, the brother of Fergus Comeaux, and also Gabriel Thibodaux and his brother Leonce Thibodaux, were at the house of one Martin Matte; that a row arose and all parties were ordered off the premises; that as they left the premises Cleveland Comeaux engaged in fight with Gabriel Thibodaux, in the course of which Cleveland Comeaux knocked down Gabriel Thibodaux with a piece of board. Whereupon Gabriel Thibodaux was stabbed with knives (presumably by these defendants, since the jury found them guilty).

They object to the admission before the jury of the fact that Cleveland Comeaux knocked down Gabriel Thibodaux with a piece of board before he was stabbed; on the ground that it was proof of an independent crime, committed by a party not a defendant herein, and tended to prejudice their case before the jury.

The objection is not well founded. It is true that as a rule evidence of an independent crime is not admissible. But that doctrine is not applicable where the whole is one continuous transaction and that whole cannot be related without reference to every part thereof. In this case it is clear that the witnesses could not intelligently have testified as to how defendant was stabbed whilst lying on the ground unless there was evidence that he was in fact lying on the ground; and the reason why he came to be lying there was part of the res gestæ. As the trial judge says, "The entire difficulty constituted one continuous transaction."

Decree.

The judgment appealed from is therefore affirmed.