13 So.2d 387

**STATE v. KENDRICK et al.**

No. 37007.

April 12, 1943.

Eugene Stanley, Atty. Gen., Niels F. Hertz, Sp. Asst. Atty. Gen., A. M. Wallace, Dist. Atty., of Benton, and A. S. Drew, Sp. Pros., of Minden, for the State, plaintiff and appellant.

R. D. Watkins, of Minden, for defendant and appellee.

PONDER, Justice.

This is an appeal from a judgment sustaining a motion to quash an indictment.

The defendant, Dewey Kendrick, was indicted, with others, by the grand jury of Webster Parish on October 24, 1942. The pertinent part of the indictment reads as follows:

"did then and there, in the peace of God and the State, then and there being wilfully and feloniously and unlawfully misappropriate and take from T. C. Harvill, without the consent of the said T. C. Harvill, and by means of fraudulent conduct, practices and mis-representations with the intent then and there to deprive the said T. C. Harvill of money in the amount of $4,085.-00; that the said defendants fraudulently represented to the said T. C. Harvill and acquired his confidence by said representations and thereby and then by understandings and prearrangements between the defendants hereto did then and there deceive, defraud and take advantage of the said T. C. Harvill to the amount of $4,085.-00, lawful money of the United States of America, with the intent and purpose then and there to deprive the said T. C. Harvill of the said sum of money permanently and did at the time convert the same to their own use, * * *"

The defendant moved to quash the indictment in the lower court on the ground:

"1. That it does not charge an offense known to the laws of Louisiana, in that it does not specifically state the facts and circumstances affirmatively necessary to constitute the offense of theft and does not

allege in what particular the alleged fraudulent conduct, practices, and misrepresentations were false and untrue, and does not allege or aver a direct intention to defraud."

Upon hearing of the motion, the lower court gave judgment quashing the indictment. The State of Louisiana has appealed.

The indictment is brought under Article 67, Theft, of Chapter 3, By Misappropriation Without Violence, of the Louisiana Criminal Code (Act 43 of 1942), which reads as follows:

"Theft is the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices or representations. An intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential.

"Whoever commits the crime of theft, when the misappropriation or taking amounts to a value of one hundred dollars or more, shall be imprisoned, with or without hard labor for not more than ten years.

"When the misappropriation or taking amounts to a value of twenty dollars or more, but less than a value of one hundred dollars, the offender shall be fined not more than three hundred dollars, or imprisoned, with or without hard labor, for not more than two years, or both.

"When the misappropriation or taking amounts to less than a value of twenty dollars, the offender shall be fined not more

than one hundred dollars, or imprisoned for not more than six months, or both. In such cases, if the offender has been convicted of theft once before, upon a second conviction he shall be fined not less than one hundred dollars nor more than two hundred dollars, or imprisoned for not less than six months nor more than one year, or both. If the offender in such cases has been convicted of theft two or more times previously, upon any subsequent conviction he shall be fined not less than one hundred dollars nor more than three hundred dollars, or imprisoned for not less than six months nor more than two years, or both.

"When there has been misappropriation or taking by a number of distinct acts of the offender, the aggregate of the amount of the misappropriations or taking shall determine the grade of the offense."

Act 147 of 1942 amends Article 235 of the Code of Criminal Procedure by setting forth the forms of indictment authorized or that may be used in charges of theft. Article 235 of the Code of Criminal Procedure, as thus amended provides:

"The following forms of indictments may be used in the cases in which they are applicable, but any other forms authorized by this or any other law of this State may also be used: * * *

"Theft—A. B. committed a theft of one horse of a value of one hundred dollars (describe property the subject of theft and state its value).

"Provided, That the District Attorney, if requested by the accused prior to arraignment, may be required by the Judge to furnish a bill of particulars setting up more specifically the nature of the offense charged."

 From an examination of the indictment involved in this case, it is apparent that the simplified form authorized by Article 235 of the Code of Criminal Procedure, as amended, has not been used. Consequently, it is necessary to detemine whether or not the indictment complies with any other form authorized by the laws of this State.

Under Article 67, Chapter 3, of the Louisiana Criminal Code, numerous crimes heretofore covered by separate statutes are cumulated under one charge of theft. This article includes embezzlement, confidence games, obtaining money under false pretenses, larceny of every nature and kind and a number of other offenses.

We know of no law in this State providing for the form of indictment of theft as defined by the Louisiana Criminal Code except the simplified form authorized by Article 235, as amended, of the Code of Criminal Procedure.

Undoubtedly, it was the intention of the law makers when they authorized "the use of other forms authorized by any other law of this State" that resort should be had to the forms heretofore used in the various offenses under separate statutes which have now been cumulated under one charge of theft. Such being the case, we would first have to determine what specific offense, as heretofore defined under separate statutes, the defendant is charged with having committed.

From the language used in the indictment, we are unable to determine whether the defendant is charged with obtaining money under false pretenses or operating a confidence game or some other offense. In fact, from the very wording of the indictment, we are unable to determine, in the light of the previous separate statutes, just what offense the defendant is charged with.

The State seems to rely on the prior jurisprudence of this State to the effect that it is sufficient for the indictment to follow the language of the statute or contain words unequivocally conveying the meaning of the statute and as authorized by Article 227 of the Code of Criminal Procedure.

It is to be noted that Article 227 of the Code of Criminal Procedure was enacted prior to the adoption of the Louisiana Criminal Code, and it undoubtedly contemplated forms of indictment to be used when various crimes incorporated in this article of the Louisiana Criminal Code, Article 67, were covered by separate and specific statutes. In such instances, the accused would be informed of the nature and cause of the accusation against him as required in Article I, Section 10, of the Constitution of 1921. This section of the Constitution provides:

"In all criminal prosecutions, the accused shall be informed of the nature and cause of the accusation against him; and when tried by jury shall have the right to challenge jurors peremptorily, the number of challenges to be fixed by law."

Article 227 of the Code of Criminal Procedure applies only to a crime covered by special or specific statute in which instance the defendant would be informed of the nature and cause of the accusation. Where the statute is general and covers many offenses, the rule provided for in this article of the Code of Criminal Procedure could not be applied for the reason that in such case it would be violative of the article and section of the Constitution aforementioned. The paramount law, the Constitution, must control.

For the reasons assigned, the judgment is affirmed.

ODOM, J., absent.