15 So.2d 866

**STATE v. MORGAN.**

No. 37232.

Nov. 8, 1943.

Plauche & Plauche, of Lake Charles, for relator.

Eugene Stanley, Atty. Gen., Niels F. Hertz, Sp. Asst. Atty. Gen., and Griffin T. Hawkins, Dist. Atty., and Alan H. McLane, Second Asst. Dist. Atty., both of Lake Charles, for respondents.

ROGERS, Justice.

The relator, S. R. Morgan, was charged by bill of information with unlawfully disturbing the peace. On arraignment, relator pleaded not guilty. Subsequently, with the permission of the court, relator withdrew his plea of not guilty and filed a motion to quash the bill of information on the ground that it was fatally defective, for the reasons set forth in the motion. After hearing the argument of counsel, the trial judge overruled the motion to quash, to which ruling counsel for relator excepted and reserved a bill. The State then fixed the case for trial on its merits. Before the case was heard on the merits, however, relator applied to this Court for the issuance of writs of certiorari, mandamus and prohibition. The Court granted the writ of certiorari, together with a stay order, and issued a rule nisi ordering the trial judge and the counsel for the state to show cause on the day fixed why the relief prayed for in relator's application should not be granted.

Respondents have made no formal return to the rule nisi and the case has been submitted to the Court on the record as made up on relator's application for the supervisory writs. Briefs, however, have been filed on behalf of the respective parties.

In the brief filed on behalf of the State, it is suggested that relator's application for writs was prematurely made because relator could have applied for the same relief in the event he had been convicted at the trial on the merits.

'It is true that generally speaking the Supreme Court will not exercise its supervisory jurisdiction where the complainant has an adequate remedy by appeal, or when he has no appeal, by invoking the Court's supervisory jurisdiction after judgment has been rendered upon the merits. Nevertheless, under the provisions of Section 10 of Article 7 of the Constitution of 1921 giving the Supreme Court control and general supervision over all inferior courts, the exercise of such control and supervision is within its own sound discretion.

Relator complied in all respects with sections 2 and 7 of Rule XIII of the Rules of this Court as to the giving of notice, service of copies of the petition for writs on the trial judge and the adverse party, and the verification of such service by the affidavit of petitioner's attorney. No opposition to the granting of the writs was filed on behalf of the respondents as authorized by section 7 of Rule XIII of the Rules of this Court. Accordingly, the writ of certiorari, together with the stay order

and the rule nisi, was granted in what was then, or seemed to be, the sound discretion of the members of this Court. The order of this Court, granting the writ of certiorari and the rule nisi, is an accomplished fact and the recalling of the order will not be considered by this Court on the mere suggestion in the brief of the respondent that the order was improvidently granted.

The exact charge under which relator is being prosecuted is set out in the bill of information in the following words and figures, to-wit: "that S. R. Morgan at the parish of Calcasieu on or about the 12 day of May in the year of our Lord One Thousand Nine Hundred and Forty-three (1943) did unlawfully disturb the peace at 1208 Hodges Street, in Lake Charles, Calcasieu Parish, Louisiana; contrary to the form of the statute of the State of Louisiana, in such cases made and provided, in contempt of the authority of said State, and against the peace and dignity of the same."

Relator, in his motion to quash, alleges that the bill of information is fatally defective for the following reasons:

"(a) That said bill of information does not set out any offense as denounced by any law of the State of Louisiana, but merely sets out a conclusion of law.

"(b) That said bill of information does not set out the time, place and manner in which it is claimed that the said alleged offense was committed.

"(c) That the said bill of information is too vague and indefinite to permit your mover to either prepare, or present, his defense to the alleged offense therein charged against him."

The crime of disturbing the peace is defined in the recently adopted Criminal Code, Act No. 43 of 1942, as follows:

"Art. 103. Disturbing the Peace is the doing of any of the following in such a manner as would foreseeably disturb or alarm the public:

"(1) Engaging in a fistic encounter; or

"(2) Using of any unnecessarily loud, offensive, or insulting language; or

"(3) Appearing in an intoxicated condition; or

"(4) Engaging in any act in a violent and tumultuous manner by any three or more persons; or

"(5) Holding of an unlawful assembly; or

"(6) Interruption of any lawful assembly of people; or

"(7) Commission of any other act in such a manner as to unreasonably disturb or alarm the public.

"Whoever commits the crime of disturbing the peace shall be fined not more than one hundred dollars, or imprisoned for not more than ninety days, or both."

It will thus appear that the offense of disturbing the peace as defined in Article 103 of the Criminal Code may consist of one or more separate and distinct acts or offenses committed by the defendant.

As shown by the comment of the framers of the Code, the article replaces the former statutory law as embodied in sec-

tion 799 of the Revised Statutes referring to affrays; section 929 of the Revised Statutes referring to disturbing peaceable assemblies; section 1 of Act No. 31 of 1886 and section 1 of Act No. 227 of 1934 relative to public disturbances; section 1 of Act No. 11 of 1908 relative to intoxication in public places; and Act No. 7 of the Extra Session of 1872 relative to unlawful assemblies.

Act No. 31 of 1886, as amended by Act No. 227 of 1934, which is replaced by Article 103 of the Criminal Code, defines a number of different and distinct acts or offenses as constituting disturbances of the peace. In the case of State v. Verdin, 192 La. 275, 187 So. 666, this Court had occasion to consider Act No. 31 of 1886, as amended by Act No. 227 of 1934, in connection with an indictment charging a number of parties with the offense of disturbing the peace. In that case where the question was also presented on a motion to quash, we reversed the conviction of the relators on the ground that the indictment charging relators with disturbing the peace, merely set forth a conclusion of law and was not specific enough to enable the relators to prepare their defense; that as a number of acts or offenses necessarily different and distinct were embraced within the provisions of Act No. 31 of 1886, as amended by Act No. 227 of 1934, it was necessary to charge relators with the commission of one of the many offenses embraced within the statutory provisions.

■ The decision in State v. Verdin is applicable to this case. In accordance with the rule announced and applied in the Verdin case, in an indictment or information framed under Article 103 of the Criminal Code, it is not sufficient for the pleader to merely charge that the defendant did "unlawfully disturb the peace" at a particular place. He must charge, with that degree of certainty and particularity required in all criminal prosecutions, that the defendant disturbed the peace by committing one or more of the specific acts or offenses enumerated in the article.

■ There is no merit in the suggestion contained in the brief filed on behalf of the State that relator's remedy was to ask for a bill of particulars and not to file a motion to quash. We have not been referred to any law, nor do we know of any law which requires a defendant in a criminal prosecution to make valid an invalid information by demanding a bill of particulars.

■ The proper procedure was for counsel for the State to apply for and obtain the court's permission to amend the information so as to bring it within the provisions of Article 103 of the Criminal Code. Code Crim.Proc. arts. 253 and 284; State v. Johnson, 181 La. 1, 158 So. 570.

It is argued on behalf of the State that its contention that relator's remedy was to apply for a bill of particulars instead of filing a motion to quash is supported by the decision of this Court in State v. Dark, 195 La. 139, 196 So. 47. We do not find anything in the Dark case which militates against the legal proposition we are maintaining in this case.

The rule now existing in this State as to the contents of an indictment or information is to be found in Article 227 of the Code of Criminal Procedure, reading as follows: "The indictment [or information] must state every fact and circumstance necessary to constitute the offense, but it need do no more, and it is immaterial whether the language of the statute creating the offense, or words unequivocally conveying the meaning of the statute, be used." (Brackets ours.) In considering this article with the indictment under review, the Court held in the Dark case that when a statute creating an offense sets out the facts constituting the offense, it suffices to charge the offense in the language of the statute, but the use of the identical words is not sacramental, but sufficient, since any words may be used that will unequivocally convey the meaning of the statute, so that defendant can not be misled as to the charge he is to answer, the test being, was defendant fully informed of the crime with which he was charged, for nothing can be taken by intendment.

Article 103 of the Criminal Code enumerates a number of acts, the commission of which constitute the offense of disturbing the peace. None of these specific acts are referred to in the information on which relator is being prosecuted. No facts constituting the offense of disturbing the peace are set out in the information. The information merely alleges that relator was guilty of unlawfully disturbing the peace. This allegation does not set forth any act which, under the article, constitutes the offense. Nor do the words used in the information unequivocally convey the meaning of the article, so that defendant can not be misled as to the charge he is called upon to answer.

For the reasons assigned, the rule nisi herein is made peremptory, the motion to quash is sustained, and relator is ordered discharged.