PONDER, Justice.
 

 The defendant, Edwin Ward, was charged in a bill of information with the crime of negligent homicide. Counsel for the defendant demurred and moved .to quash the information.
 

 It is alleged in the demurrer and motion to quash that the information is fatally defective in that it does not contain the es
 
 *59
 
 sential and necessary recitals to charge or try the defendant with the offense or crime for which he is sought to be charged and tried; that the information does not charge any offense or crime denounced by the laws of the State; that the information is insufficient to form the basis of a charge against or trial of the defendant; that the information does not state every fact or circumstance necessary to constitute the offense as required by Section 227 of the Code of Criminal Procedure; that the information does not set forth the time, place, manner or method in which it is claimed the offense was committed; that the information is too vague to permit the defendant to prepare or present his defense ; and that the information merely recites a conclusion of law.
 

 The State answered the demurrer and motion to quash, setting forth more specifically the nature of the offense charged. Upon trial, the lower court annulled and set aside the information. The State reserved a bill of exception to the finding of the lower court and has appealed.
 

 From an analysis of the defendant’s demurrer and motion to quash, it is apparent that it is leveled at the sufficiency of the information.
 

 Counsel for the defendant takes the position that the information does not sufficiently inform the defendant of the nature and cause of the accusation as required by Article 227 of the Code of Criminal Procedure. This article provides: “The indictment must state every fact and circumstance necessary to constitute the offense, but it need do no more, and it is immaterial whether the language of the statute creating the offense, or words unequivocally conveying the meaning of the statute, be used.”
 

 It is charged in the bill of information that “one Edwin Ward * * *, on the twentieth day of October in the year of our Lord, one thousand -nine hundred and forty-four * * * negligently killed one Wilbert Thomas.”
 

 The information follows the short form set out in Article 235 of the Code of Criminal Procedure, namely: “A. B. negligently killed C. D.”
 

 It is provided in Article 32 of the Criminal Code, Act 43 of 1942:
 

 “Negligent Homicide is the killing of a human being by criminal negligence,.
 

 “The violation of a statute or ordinance shall be considered only as presumptive evidence of such negligence.
 

 “Whoever commits the crime of negligent homicide shall be imprisoned, with or without hard labor, for not more than five years.”
 

 Article 12 of the Criminal Code, Act 43 of 1942, provides: “Criminal Negligence exists when, although neither specific nor general criminal intent is present, there is such disregard of the interest of others that the offender’s conduct amounts to a gross deviation below the standard of care expected to be maintained by a reasonably careful man under like circumstances.”
 

 As a general rule, a charge should be so laid in an indictment or information as to bring the case within the description
 
 *61
 
 of the offense as prescribed in the statute. In other words, it is sufficient to charge the offense in the language of the statute. State v. Fricker, 45 La.Ann. 646, 12 So. 755; State v. Jones, 109 La. 125, 33 So. 108; State v. Abeny, 168 La. 1135, 123 So. 807; State v. Miller, 170 La. 51, 127 So. 361; State v. Brinkley, 180 La. 679, 157 So. 388; State v. Wilson, 173 La. 347, 137 So. 57; State v. Needham, 182 Miss. 663, 180 So. 786, 116 A.L.R. 1100; State v. Dark, 195 La. 139, 196 So. 47; State v. Digilormo, 200 La. 895, 9 So.2d 221; State v. Vinzant, 200 La. 301, 311, 7 So.2d 917; State v. Kendrick, 203 La. 63, 13 So.2d 387; State v. Morgan, 204 La. 499, 15 So. 2d 866; 27 Am.Jur., verbo, Indictments and Informations, sec. 53, p. 620; Marr’s Criminal Jurisprudence, Vol. 1, 2d Ed., sec. 325, p. 483.
 

 This is especially true where the language of the statute defines and describes the offense and contains all that is essential to constitute the crime and apprise an accused of its nature.
 

 The manner or means employed in the perpetration of the offense need not be averred, except where the particular manner or means employed in the perpetration of the offense imposes criminality or where they are a criterion in determining which of two or more distinct offenses is charged. 42 C.J.S., verbo, Indictments and Informations, § 131, p. 1023; 27 Am.Jur., verbo, Indictments and Informations, sec. 66, p. 629; 6 L.L.R. 78.
 

 From an investigation of the authorities, it appears that the test, to determine the sufficiency of an indictment or information is three-fold:
 

 1. Is the indictment or information sufficient to inform the court what offense is being charged in order that the court might properly regulate the evidence fought to be introduced ?
 

 2. Does the indictment or information inform the accused of the nature and cause of the offense with which he is being charged ?
 

 3. Is the indictment sufficient on its face to support a plea of former jeopardy in event there is an attempt to try the defendant more than once for the same offense ?
 

 The crime, negligent homicide, charged herein is defined by statute, and the information sufficiently informs the accused of the offense with which he is being charged. The offense of negligent homicide is the killing of a person through criminal negligence. The defendant under this information is informed of that fact.
 

 From a mere reading of the information, the trial court was sufficiently informed of the offense charged and could regulate the trial thereof.
 

 The defendant could not be put twice in jeopardy under a charge of this nature for the reason that if any attempt was again made to charge him with the negligent killing of Wilbert Thomas, the information would certainly be sufficient to support a plea of former jeopardy. State of Louisiana v. Benjamin Fricker, 45 La.Ann. 646, 12 So. 755.
 

 
 *63
 
 While the constitutionality of the statutes is not attacked, the information does not violate the constitutional provision requiring the accused to be informed of the nature and cause of the accusation. Article 1, sec. 10, of the Constitution of 1921.
 

 This Court has upheld indictments for murder drawn under the short form provided for in Article 235 of the Code of Criminal Procedure. In that form, it is only necessary to allege, “A. B. murdered C. D.” It is not necessary to allege the manner and means by which the murder was committed or that it was done with malice aforethought. State v. White, 172 La. 1045, 136 So. 47; State v. Capaci, 179 La. 462, 154 So. 419; State v. Eisenhardt, 185 La. 308, 169 So. 417; State v. Matthews, 189 La. 166, 179 So. 69; 6 L.L.R. 80.
 

 The cases relied on by the defendant, State v. Morgan, 204 La. 499, 15 So.2d 866; State v. Hebert, 205 La. 110, 17 So.2d 3; and United States v. Hess, 124 U.S. 483, 8 S.Ct. 571, 31 L.Ed. 516, are not in point.
 

 In the case of State v. Morgan, supra, the defendant was charged with disturbing the peace. Disturbing the peace is defined in Article 740-103 of the Criminal Code, Act 43 of 1942, Article 103, as the commission of one of seven distinct acts which are listed therein as Nos. One to Seven, inclusive. The information did not set forth with which one of the seven distinct acts the defendant was charged.
 

 In the case of State v. Hebert, supra, the defendant was charged in a bill of information with indecent behavior with a juvenile as defined by Article 740-81 of the Criminal Code, Act 43 of 1942, Article 81. Two separate and distinct acts are denounced in the statute as indecent behavior with juveniles. The information did not inform the defendant of which of these acts he was being tried.
 

 The defendant cites United States v. Hess, supra, to the effect that an information or indictment must be so framed that an accused is informed of the nature of the accusation against him to the end that he may prepare his defense and plead the judgment as a bar to any subsequent prosecution. He contends that an indictment which does not apprise the defendant with reasonable certainty of the nature, character, facts and. circumstances of the offense is defective even though it may follow the language of the statute.
 

 We can readily see that an indictment or information following the language of a general statute covering two or more acts would not adequately describe the offense charged against an accused and apprise him of the nature and cause of the accusation. However, we are not presented with a statute of this nature. The statute involved herein denounces but one offense, viz., negligent homicide or the negligent killing of a human being through criminal negligence. There is only one form of negligent killing denounced by the statute, that is, “the killing of a human being by criminal negligence.”
 

 The trial judge annulled the information on the ground that the indictment was defective in that “criminal” negligence was not alleged. He based his decision on the
 
 *65
 
 holding in the case of State v. Dean, 154 La. 671, 98 So. 82.
 

 In the case of State v. Dean, supra, the defendant was charged with injuring a person while operating a motor vehicle in a reckless manner. The offense for which the accused was being prosecuted was the injuring of a person through gross recklessness and negligence while operating a vehicle. This Court annulled the indictment on the ground that it did not follow the language of the statute by alleging gross negligence and recklessness.
 

 We have an entirely different situation presented herein. The offense of negligent homicide is defined by statute as a distinct offense. The statute involved in State v. Dean, supra, was a general statute. Even prior to the adoption of the Code of Criminal Procedure, it was sufficient in a charge of manslaughter for the indictment to charge that an accused “did feloniously kill and slay” a named person. It was not necessary then to allege that it was done in the heat of passion or otherwise for the reason that -the crime of manslaughter was specifically defined and denounced by statute.
 

 This Court has approved the short form of indictment for murder as aforementioned. We could see no reason why an indictment alleging the defendant “negligently killed” a named person is not equally sufficient.
 

 Moreover, Article 248 of the Code of Criminal Procedure provides: “In all indictments for murder, manslaughter, and negligent homicide it shall not be necessary to set forth the manner in which nor the means by which the death of the deceased was caused. It shall be sufficient to use the short forms set out in Article 235 of the Code of Criminal Procedure.”
 

 For the reasons assigned, the judgment of the lower court sustaining the demurrer and the motion to quash is reversed and set aside. The indictment is reinstated, and the case is remanded to the lower court to be proceeded with according to law.