HAWTHORNE, Justice.
The defendant, Thomas Sears, has appealed to this court from his conviction *51 and sentence to death for the murder of Edna Francois.
Defendant resided in the rear apartment at the premises 746 South Lopez Street in the City of New Orleans. The facts relied upon by the State are that, on the day of the homicide, Katherine Sears, the estranged wife of the defendant, went to1 his apartment; that shortly after her entrance a shot was heard; that Edna Francois, defendant’s mother-in-law, who was at that time in a front apartment, screamed and rushed toward the defendant’s apartment; that, as she was approaching or entering his apartment, the accused appeared and shot her several times, causing her death. A short time after the shooting occurred, law ■enforcement officers arrived at the apartment occupied by the accused, found the bodies of his wife and his mother-in-law, ■and took him into custody. The defendant was charged with the murders in two separate indictments, was tried for the murder of his mother-in-law, Edna Francois, and was found guilty as charged.
During the course of the trial numerous bills of exception were reserved, but, since we have concluded that Bills of Exception Nos. 10 and 11, when considered together, have merit and defendant is therefore entitled to a new trial, we shall discuss only these two bills and the bills relating to the indictment, to the bill of particulars furnished by the State, to the motion to consolidate the trial of this case with the trial for the murder of the wife, and to the prayer for oyer, as the circumstances under which the other bills of exception were reserved may not arise at a second trial.
We have carefully examined the following bills of exception and find that they are without merit: Bill of Exception No. 1, which was taken to the ruling of the court that the answer of the State to a motion for a bill of particulars was good and sufficient; Bill of Exception No. 2, which was taken to the overruling of a motion to quash the indictment; Bill of Exception No. 3, which was taken to the refusal of the court to grant defendant’s motion to consolidate the instant case with case No. 127,088 on the docket of the Criminal District Court for the Parish of Orleans, wherein defendant was charged with the murder of his wife; Bill of Exception No. 4, which was taken to the court’s action on defendant’s prayer for oyer of a confession made at the time of arrest.
Over strenuous objection of counsel for the defendant on the ground of irrelevancy, the State was permitted to offer in evidence an unlit half of a marijuana cigarette, and to introduce evidence that it was found by one of the officers on the dresser in the defendant’s apartment, wrapped in a Spearmint gum wrapper. The finding of the cigarette was proved by the testimony of one of the officers at the scene, and the fact that it was a marijuana cigarette was established by the testimony of a city chemist, called for this purpose.
*53 With reference to this testimony and the finding of the cigarette, the trial judge charged the jury as follows: “The defendant is charged in this bill of indictment with having murdered one Edna Francois. The court permitted evidence to be presented showing * * * the finding of a one-half Marijuana Cigarette where the alleged homicide was committed, only as a part of the Res Gestae and no other. In other words the defendant is on trial only for the killing of Edna Francois and not for any other crime. The reason for t'he court permitting this evidence is that it is of the opinion that said evidence is part of the Res Gestae and may aid the jury in determining intent or motive.”
Evidence of the finding of the marijuana cigarette in the room of the defendant had a tendency to prove another crime, if, in fact, it did not actually do so — that is, the possession in the defendant of marijuana, which is made a crime under the laws of this state. The State makes no'effort to connect the possession of this cigarette with the crime charged, that is, murder, but relies solely on the proposition that, since it was found at the scene of the crime by police officers a short time after the crime, it was relevant and admissible as part of the res gestae.
In 1 Wharton’s Criminal Evidence (11th ed.), the rule applicable to the evidence introduced by the State in the instant case is stated as follows:
“If evidence of the commission of another crime constitutes a part of the res gestae, it is admissible.” Sec. 34S, at p.. 490.
“The well-settled rule that evidence of' collateral crimes cannot be introduced on the trial of a homicide charge is subject to' an exception where the collateral crime precedes, or is contemporaneous with, or a. part of, the charge on trial and the circumstances surrounding the collateral crime are essential to prove or to explain the crime charged. * * * ” Sec. 346, p. 491..
“When a collateral offénse, or as it is-sometimes called, an extraneous crime, forms part of the res gestae, evidence of it is admissible. As cm isolated or disconnected fact, or where it is offered for the mere purpose of creating prejudice against or inviting sympathy for the accused, it is not relevant. When offered as an exception to the general rule of exclusion, it becomes a matter of substance with the charge on • trial. * * * When two or more offenses are part of the same transaction, every element of the defendant's conduct in that transaction may be shown for the purpose of illustrating the motive or intent in committing the act which is the basis of the charge. It is essentially res gestae. In one case, the court admitted testimony of a so-called second offense because it was so closely connected with the offense charged in time and circumstance as to constitute one and the same offense. If a second person is murdered as a part *55 •of the same transaction, evidence of the condition of the body of the second person killed is admissible in a prosecution for the murder of the first person.” Sec. 347, pp. 496 et seq. (All italics ours.)
In 2 Warren on Homicide (Perm, ed.), this statement is made with reference to ■such evidence:
“The general rule is that proof of distinct and independent offenses is not admissible on the trial of a person accused of a crime. This rule is founded in reason, for to allow the introduction of evidence •of other and distinct offenses would confuse and mislead the jury as to the real issue to be determined, would prejudice the prisoner by irrelevant matter, and require him to meet charges foreign to the specific offense laid to his charge.
«* * *
“There are exceptions to and modifications of this general rule, as where such evidence reasonably tends to show malice, intent, or motive on the part of the defendant with respect to the crime, or where the offense is so closely connected with the crime as to bring it within the mle of res gestae. * * *
“ * * * Evidence of other offenses consisting of an entire series of events, constituting but one transaction, is competent. On a trial for killing a certain person, everything done at the time, and every part of the affair,' including defendant’s killing another person and shooting a third person, is admissible as explaining the nature and motive of the act for which defendant is being tried. Where a killing is only one incident of an entire transaction, evidence of the whole transaction as an entirety, including what happened before and after the killing, is admissible.” Sec. 213, pp. 586 et seq.
“ * * * To make one criminal act evidence of another a connection between them must have existed in the mind of the actor, linking them together for some purpose he intended to accomplish, or it must be necessary to identify the person of the actor by a connection which shows that he who committed the one must have done the other. If the evidence be so dubious that the court does not clearly perceive the connection, the benefit of the doubt should be given the prisoner, instead of suffering the minds of the jurors to be prejudiced by an independent fact carrying with it no proper evidence of the particular guilt. * * * And the admission of such evidence is reversible error, where it is in the discretion of the jury whether the death penalty shall be inflicted on conviction for murder, perforce of the fact that its tendency is to destroy any feeling of mercy which might otherwise exist in the minds of the jury, and this is so notwithstanding the fact that proof of the murder is abundant.” Sec. 215, p. 623.
The jurisprudence of this state is well settled that evidence or proof of a different crime from the one charged is admissible when both offenses are closely *57 linked and constitute a part of the res gestae. State v. Mulholland, 16 La.Ann. 376; State v. Donelon et al., 45 La.Ann. 744, 12 So. 922; State v. Blount, 124 La. 202, 50 So. 12; State v. Schmidt, 163 La. 512, 112 So. 400; State v. Leslie, 167 La. 967, 120 So. 614; State v. Comeaux et al., 171 La. 327, 131 So. 36; State v. Guillory, 201 La. 52, 9 So.2d 450.
In State v. Donelon et al, supra, this court said:
“Res gestae are'declarations or circumstances made admissible as original evidence by reason of their connection with the particular fact under investigation. 1 Greenleaf [Ev.] § 108, p. 161.
"The test is whether the circumstance put in evidence ‘is so connected with the main fact under consideration as to elicit its character, to further its object, or to form, in conjunction with it, one continuous transaction.’ Id. * * *
“The facts and circumstances relied upon as furnishing proof of res gestae should be shown to be ‘necessary incidents of the litigated act,’ or, in other words, ‘they must stand in immediate causal relation to the act, and become part of the action immediately'producing it, or of the action it immediately produces.’ Id. [Wharton’s Criminal Evidence] § 263.” [45 La.Ann. 744, 12 So. 925]
In State v. Leslie, supra, we observed the following: “Where the commission of both offenses is closely linked or connected, evidence of the whole transaction is legal, although two distinct felonies have been committed. * * *” [167 La. 967, 120 So. 615].
Again, in State v. Guillory, supra, this court said: “Although as a general rule-evidence of the commission of another crime other than that charged is not admissible, as stated by Marr in his work on the criminal jurisprudence of this state,
‘When the scienter or quo animo forms an essential or indispensable part of the inquiry, testimony may be offered of such acts, conduct or declarations of accused as-tend to establish such knowledge or intent, notwithstanding they may, in law, constitute a distinct offense. That is to say, to the general rule that no evidence can be given of feloni'es committed by accused other than that charged in the indictment there are exceptions. Thus, proof of a different crime from the one charged is admissible when both offenses are closely-linked, and constitute a part of the res gestae, or when it is pertinent and necessary to show motive or intent. * * *”f [201 La. 52, 9 So.2d 451],
In the instant case the State does not show that the evidence adduced was offered to prove or establish malice, motive, or intent, and, insofar as we can ascertain, it is not connected in any way with the charge of murder; it does not stand in immediate causal relation to that crime, nor does it fonm a part of the action immediately producing the crime or of the action *59 which the crime immediately produced. There is nothing in the record which we have before us to establish or prove in any way that the defendant was a marijuana addict, was under the influence of that drug at the time of the crime, nor is this evidence, as previously stated, in any way linked or connected with the crime charged. From our examination of the case, the only purpose this evidence served was to prejudice the defendant.
We do not hold that evidence of this nature is not admissible in every case; but under the circumstances of the instant case, as set out hereinabove, it clearly was not admissible as part of the res gestae and was highly prejudicial to the accused, and he is therefore entitled to a new trial.
For the reasons assigned, the conviction and sentence are set aside, and the case is ordered remanded for a new trial.