McCALEB, Justice.
 

 Appellant was charged, tried and convicted of negligent homicide and sentenced to serve five years at hard labor in the State Penitentiary. During the trial he reserved seven bills of exceptions upon which he is relying on this appeal for a reversal of his conviction.
 
 [1]
 

 The facts of the case, insofar as pertinent to a discussion of the points presented by the bills of exceptions, are as follows: On the afternoon of August 4, 1957, Mrs. Helen Bridges Hyde was driving in an easterly direction on Highway 38 in St. Helena Parish, when her car was overtaken from the rear and passed on the wrong (right) side by an automobile driven by a Negro named Larry Robertson. During this maneuver, Robertson’s car came into slight contact with the Hyde car thereby causing it to swerve into the left-hand side of the highway. At that time another car, approaching from the rear, driven by appellant, a 20-year old Negro, at a high rate of speed estimated to be between 65 and 70 miles per hour, struck the rear end of the Hyde car knocking it completely off the highway. As a result, Mrs. Hyde suffered a broken neck from which she died almost immediately. Appellant applied his brakes but his car skidded 160 feet prior to its impact with the Hyde car and, following the collision, slid sideways an additional 107 feet before coming to a stop.
 

 Bill No. 1 was reserved when the court overruled appellant’s motion to quash the indictment, which is drawn in the short form provided by Article 235 of the Code of Criminal Procedure (R.S. 15 :235), and charges, in substance, that appellant “negligently killed Mrs. Helen Bridges Hyde, in violation of Article 32 of the Louisiana Criminal Code.”
 

 Counsel contends that the indictment does not inform appellant sufficiently of the nature and circumstances of the accusation because there are many ways in which a person could be negligently killed by another and many different instrumentalities which could be used in such killing.
 

 The short answer to this proposition is that this Court has on two occasions approved the use of the short form provided for negligent homicide. See State v. Ward, 208 La. 56, 22 So.2d 740 and State v. Heiman, 227 La. 235, 79 So.2d 78. If appellant desired additional information as to the details of the charge for preparation of his defense, he was entitled as a matter of right to be furnished with a bill
 
 *636
 
 of particulars. State v. Chanet, 209 La. 410, 24 So.2d 670.
 
 [2]
 

 Bill No. 2, which has not been briefed by defense counsel, was taken to the overruling of appellant’s motion for a change of venue. According to the allegations of this bill, appellant -complains that it was prejudicial error to order him to stand trial in St. Helena Parish because there has been systematic exclusion of Negroes from the regular venire.
 

 We have examined the evidence taken bn the motion for a change of venue (which consists of testimony showing that the deceased woman was a distant cousin of the sheriff of the parish; a statement as to the number of white and colored voters in the parish and an admission that there was only one Negro on the petit jury venire) and conclude that there is no foundation for the claim that appellant could not receive a fair trial in the parish.
 

 Bill No. 3 (another bill which' has not been briefed by counsel) was taken to the overruling of appellant’s motion to quash the petit jury venire. The basis for this motion is that there was a systematic exclusion of Negroes from the jury panel but there is no evidence to sustain the charge. The jurors are selected, for the most part, from the roll of registered voters of the parish, 1,045 of these being white persons and 782 are Negroes. The fact that the jury panel of 30 persons selected for the April term contained only one Negro does not of itself establish counsel’s contention that there has been a systematic exclusion of Negroes from jury service in the Parish. There must be evidence of either a planned exclusion or inclusion of a token number of Negroes or a state of facts showing a course of conduct which results in continued exclusion to justify the finding of a denial of equal protection. Eubanks v. State of Louisiana, 356 U.S. 584, 78 S.Ct. 970, 2 L.Ed.2d 991; State v. Fletcher, 236 La. 40, 106 So.2d 709.
 

 Bill No. 4 was taken when the judge overruled appellant’s plea of autrefois acquit. The theory of this plea is that, since Larry Robertson (the driver of the other car which had overtaken decedent’s car and made contact therewith prior to the time appellant ran into the rear of it) had been tried for and acquitted of the negligent killing of Mrs. Hyde, the State was powerless to prosecute appellant for the same crime.' In connection with his plea, appellant has filed here a motion to
 
 *638
 
 remand the case so that the record in the case of State vs. Robertson, which was ordered attached to and made part of his bill, can be placed in the transcript inasmuch as the clerk has failed to include it therein.
 

 The motion must be denied as we find no merit whatever in the plea of autrefois acquit. The acquittal of Robertson furnishes no ground for the plea. Double jeopardy is the putting of the same person on trial twice for the same offense. See Section 9 of Article 1 of the Constitution; Sections 274 and 279 of the Code of Criminal Procedure (R.S. 15:274 and 279).
 
 [3]
 

 When Lieutenant Yarborough, a witness for the State, testified that he observed certain skid marks made by appellant’s car on the roadway, defense counsel objected on the ground that it was hearsay because the witness did not see the accident arid, hence, could not know whether the skid marks were made by appellant’s car. The objection was overruled and counsel reserved Bill No. 5.
 

 We find no substance in the bill which, incidentally, is not briefed by counsel. The-statement was not hearsay in view of the. officer’s testimony on cross-examination that appellant admitted to him that the skid marks on the roadway were made by his car. '
 

 Bill of Exceptions No. 6 was reserved to the overruling of numerous .objections of the defense to evidence concerning the movement of the Robertson car and its contact with the decedent’s car just prior to the fatal accident. The theory of the objections seems to be that the testimony was irrelevant since it dealt with matters occurring prior to the commission of the crime and because it had reference to Robertson who was acquitted for the same crime for which appellant was being tried.
 

 We see no merit in these objections. The evidence elicited was properly admitted by the judge as part of the res gestae. See Articles 447 and 448 of the Code of Criminal Procedure (R.S. 15:447 and 448); State v. Comeaux, 171 La. 327, 131 So. 36 and State v. McDonald, 224 La. 555, 70 So. 2d 123.
 
 [4]
 

 The final bill of exceptions (No. 7) was taken to the overruling of appellant’s motions in arrest of judgment and for a new trial. These motions were .grounded on the alleged prejudicial errors claimed in Bills Nos. 1-6 inclusive, heretofore considered and disposed of, and on the allegation
 
 *640
 
 that the verdict was contrary to the law and evidence which, of course, presents nothing for review. However, in argument and brief 'here, counsel is contending, under the motion for a new trial, that there was no evidence at all submitted by the State to authorize the verdict that appellant was criminally negligent, an essential element of the offense as defined by Article 32 of the Criminal Code (R.S. 14:32).
 

 Assuming, for purposes of discussion, that this contention is properly before us despite the inadequacy of the allegations contained in the motion for a new trial, we find no merit in it as an examination of the record exhibits that there is evidence of negligence on the part of appellant which supports a finding that his conduct was grossly bélow the standard of care expected to be maintained by a reasonably prudent man under like circumstances. It is shown that appellant admitted driving at a highly excessive rate of speed (65 to 70 miles per hour) within the near vicinity of the accident and, at the time of the impact, he was travelling, by his admission to the district attorney, at a rate of 50 to 60 miles per hour, his car skidding a distance of 160 feet on the dry pavement from the point where he applied his brakes to the point of impact and 107 additional feet after striking the rear end of the Hyde car.
 

 The conviction and sentence are affirmed.
 

 PONDER, J., recused.
 

 [1]
 

 . In brief and oral argument defense counsel discussed only four of the seven bills. He, however, informs us that the other three have not been abandoned.
 

 [2]
 

 . The cases of State v. Larocca, 156 La. 567, 100 So. 720; State v. Verdin, 192 La. 275, 187 So. 666 and State v. Morgan, 204 La. 499, 15 So.2d 866, cited' by counsel for appellant, are inapplicable as they involve crimes for which no short forms have been provided. State v. Kendrick, 203 La. 63, 13 So.2d 387 is likewise not apposite as the prosecution did not charge the - crime of tlieft under the short form provided by law, electing instead to use the more exacting common-law form of pleading.
 

 [3]
 

 . The cases of State v. Haines, 51 La. Arm. 731, 25 So. 372, 44 L.R.A. 837; State v. Roberts, 152 La. 283, 93 So. 95, 24 A.L.R. 1122 and State v. Roberts, 170 La. 727, 129 So. 144, cited by appellant, do not support his position.
 

 [4]
 

 . State v. Rives, 193 La. 186, 190 So. 374 and State v. Sears, 217 La. 47, 46 So.2d 34, cited by counsel are clearly inapposite.