170 So.2d 861

**STATE of Louisiana**

v.

**Pearl Lee GEORGE.**

No. 47472.

Jan. 18, 1965.

Johnnie A. Jones, Baton Rouge, and Jack Greenberg, New York City, for relator.

Jack P. F. Gremillion, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Sargent Pitcher, Jr., Dist. Atty., and Ralph L. Roy, Asst. Dist. Atty., for respondent.

HAMITER, Justice.

The defendant, Pearl Lee George, was convicted, and sentenced to serve thirty days in jail, under a bill of information which charged that on July 22, 1963 she "unlawfully violated R.S. 14:26, in that she did intentionally conspire by entering into a combination of two or more persons for the specific purpose of committing a criminal mischief, and specifically to violate R.S. 14:103.1, as amended * * *."

On defendant's application we granted certiorari, as well as issued a rule to show cause, there being no remedy by appeal.

A consideration of the several alleged errors complained of by the defendant in her application for certiorari and in her brief submitted to this court would necessitate our examining the testimony adduced at the trial. But such evidence is not annexed to and made a part of any perfected bill of exceptions. This omission, consequently, precludes our considering those complaints. See State v. Gaines et al., 223 La. 711, 66 So.2d 618 and cases cited therein.

Nevertheless, the bill of information on which the defendant was tried was so defective (being vague and indefinite) as to entitle her to a reversal of the conviction and sentence, the defect constituting an error patent on the face of the record of which this court must notice ex proprio motu. State v. Daye, 243 La. 725, 146 So. 2d 786. Too, a motion to quash filed by the defendant in the district court, although inartistically drawn, alleged that the information was too vague and indefinite to charge a crime.

LRS 15:227 requires that, when as here the authorized short form is not used, "The indictment must state every fact and circumstance necessary to constitute the offense * * *." This statute, as we noted in State v. Smith et al., 243 La. 656, 146 So.2d 152, was "enacted in furtherance of the constitutional mandate that 'the accused shall be informed of the nature and cause of the accusation against him.' Section 10 of Article I of the Constitution of 1921, * * *." In that case we further observed that the true test of the sufficiency

of an indictment (or information) is whether it contains every element of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet. For the reasons hereinafter stated this information, in our opinion, does neither of these things.

■ The law of this state denouncing a criminal conspiracy, being LRS 14:26, makes it abundantly clear that there must be, in addition to an agreement or combination of two or more persons to commit a crime, an overt act by one or more of the parties in furtherance of the object of such agreement or combination. State v. D'Ingianni, 217 La. 945, 47 So.2d 731. The long form bill of information used herein does not, even in the most general terms, charge the commission of any overt act in furtherance of the undertaking. It, therefore, is fatally defective.

Further, we note that in the bill of information the crime which the defendant is said to have conspired to commit is described as "criminal mischief, and specifically to violate R.S. 14:103.1, as amended." However, LRS 14:103.1 defines the crime of "disturbing the peace", not "criminal mischief", the latter being denounced by LRS 14:59. The mentioned two crimes, obviously, differ as to intent and to the conduct denounced. Also, different penalties are provided by the respective statutes.

Accordingly, considering the manner in which the instant bill of information in the long form is drawn, it would be impossible for this defendant to know whether she was being prosecuted for conspiring to commit acts constituting criminal mischief or ones relating to a disturbance of the peace.

■ Besides, the commission of each of such offenses may be accomplished in a number of separate and distinct ways. This requires, hence, that an information in the long form charge the accused with the commission of at least one of the several specific acts embraced within the statutory provisions. State v. Verdin et al., 192 La. 275, 187 So. 666 and State v. Morgan, 204 La. 499, 15 So.2d 866. Here, the requirement has not been met.

■ We are not unaware that the crime of conspiracy is one for which a short form accusation may be used pursuant to LRS 15:235. But it is to be noted that the information here is not in keeping with the provisions of such statute, particularly in that it fails to name any co-conspirator —apparently a necessary averment in a short form. Nonetheless, the ambiguity created by charging a conspiracy to commit "criminal mischief, and specifically to violate R.S. 14:103.1", when the latter does not denounce criminal mischief, renders the

information invalid as being vague and indefinite, even if it is otherwise sufficient under the short form statute.

Incidentally, when the case was orally argued in this court the question of the sufficiency of the bill of information was raised from the bench. However, the state's attorney made no argument to sustain its validity. Rather, he conceded that it was, indeed, exceedingly vague and indefinite.

For the reasons assigned the supervisory writs heretofore issued by us are made peremptory, the conviction and sentence are annulled and set aside, and the defendant is discharged.