SANDERS, Chief Justice.
The City of New Orleans charged Kenneth Owen with obscene live conduct, a violation of Municipal Code Section 42-51(1). Defendant filed a motion to quash the affidavit. The Municipal Court of the City of New Orleans denied the motion to quash. Defendant sought writs to the Orleans Criminal District Court, which denied his application. Defendant then applied to this Court for writs. We granted writs. City of New Orleans v. Owen, La., 349 So.2d 494 (1977).
In his motion to quash, defendant alleges that: the municipal ordinance, MCS 42-51, is unconstitutional under the First and Fourteenth Amendments to the United States Constitution and Article I, §§ 2, 3, 5, and 7 of the Louisiana Constitution (1974); the municipal ordinance, MCS 42-51, is invalid as violative of LSA-R.S. 14:106(E); and the affidavit is legally insufficient. Finding the affidavit fatally defective, we do not reach the ultimate issue of the ordinance’s validity.
The ordinance under which defendant was charged, MCS 42-51, provides:
“(A) It shall be unlawful for any person to knowingly engage or participate in, manage, produce, sponsor, present or exhibit obscene live conduct, which production, performance or exhibition, when taken as a whole, lacks serious literary, theatrical or artistic value, to or before an audience consisting of at least one person or spectator on any street, sidewalk, park or other public place or in any place exposed to public view, or in any place open to the public or to a segment thereof, whether or not an admission fee is charged or whether or not attendance is conditioned upon the presentation of a membership card.
“(B) Definitions:
(1) Obscene live conduct is:
(a) The actual or simulated performance of acts of human sexual intercourse, masturbation, sodomy, bestiality, oral copulation or excretory functions; or
*1298 (b) The actual or simulated touching, caressing or fondling of the anus, genitals or female breast; or
(c) The actual or simulated displaying of the pubic hairs, anus, vulva, genitals, or nipples of the female breast.
(2) Knowingly means having general knowledge or having reason to know or a belief or reasonable grounds for belief which warrant further inspection or inquiry or both of the character of any conduct described herein.”
The ordinance prohibits “obscene live conduct.” The ordinance then defines “obscene live conduct” in three distinct categories. There is no short form for charging the offense. See LSA-C.Cr.P. Art. 465. The instant affidavit charges only that the defendant violated Ordinance No. 42-51(1) relative to “obscene live conduct.” Nowhere does it allege the particular conduct upon which the prosecution is based.
In a criminal prosecution, an accused has a constitutional right to be informed of the nature and cause of the accusation against him. Sixth Amendment to the United States Constitution; Article I, § 13 of the Louisiana Constitution (1974).
Louisiana Code of Criminal Procedure Article 464, dealing with the nature and context of indictments,[1] provides in pertinent part:
“The indictment shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged.”
In City of New Orleans v. Hollis, La., 329 So.2d 681 (1976), we found an affidavit legally insufficient. We stated:
“While it is unnecessary to track the language of the ordinance, the affidavit must charge the conduct proscribed by the ordinance. In State v. Fontenot, 256 La. 12, 235 So.2d 75 (1970), this Court overturned a conviction for indecent exposure where the bill of information omitted an allegation that the act was committed with the requisite ‘intent of arousing sexual desire,’ stating:
“ ‘Basic law in our state and throughout this nation requires that the facts which constitute each and every essential element of the crime charged must be set forth with certainty, clarity, particularity, and precision, so as to inform the accused of the nature and cause of the accusation.’ ”
In order to meet the constitutional requirement, the Court has not hesitated to quash indictments which failed to state the elements of the crime. See, e. g., State v. George, 247 La. 333, 170 So.2d 861 (1965); State v. Varnado, 208 La. 319, 23 So.2d 106 (1945); State v. Hebert, 205 La. 110, 17 So.2d 3 (1944).
In our opinion, the general reference to obscene live conduct in the affidavit is insufficient to charge the offense. Obscene live conduct can only be a conclusion from specific acts. Although a defendant in an appropriate case can be charged under more than one subparagraph of the ordinance (See State v. Rowan, 233 La. 284, 96 So.2d 569 (1957).), the conduct upon which the charge is based must be alleged. State v. George, supra; State v. Verdin, 192 La. 275, 187 So. 666 (1939); State v. Morgan, 204 La. 499, 15 So.2d 866 (1943).
Thus, we conclude that the affidavit is fatally defective. The lower courts erred in denying defendant’s motion to quash.
For the reasons assigned, the ruling of the trial judge is reversed, the motion to quash is sustained, and the defendant is discharged under the present affidavit.
DIXON, J., concurs with reasons.
DENNIS, J., concurs. The ordinance is broader than the state obscenity law.
DIXON, Justice
(concurring).
I concur, also believing, as the court did when the writ was granted, that the “knowingly” section of the ordinance is invalid.

. Code of Criminal Procedure Article 461 provides in pertinent part:
“ ‘Indictment’ includes affidavit and information, unless it is the clear intent to restrict that word to the finding of a grand jury.”