45 So.2d 366

**STATE v. PRINCE.**

No. 39672.

Feb. 13, 1950.

Rehearing Denied March 20, 1950.

Drew & Drew, Minden, for defendant-appellant.

Bolivar E. Kemp, Jr., Atty. General, M. E. Culligan, Asst. Atty. Gen., Fred L. Jackson, Dist. Atty., Homer, for appellee.

PONDER, Justice.

The defendant was tried and convicted under an indictment charging him with at-

tempted aggravated rape and sentenced to serve three years and six months in the penitentiary. He has appealed.

On this appeal we are presented with six bills of exceptions that were taken during the course of the trial to the rulings of the trial court.

Bills of exceptions No. 1 and 2 were taken to the overruling of the objection of counsel for the defendant to the answer to a motion for a bill of particulars and the overruling of a motion to quash the indictment predicated on the same ground, viz.: that the defendant was being tried for two separate and inconsistent crimes.

The answer to the bill of particulars informed the defendant that he was being prosecuted for attempted aggravated rape under subsections(1) and (2) of Article 42 of the Criminal Code. Article 42 of the Criminal Code reads as follows:

"Aggravated rape is a rape committed where the sexual intercourse is deemed to be without the lawful consent of the female because it is committed under any one or more of the following circumstances:

"(1) Where the female resists the act to the utmost, but her resistance is overcome by force.

"(2) Where she is prevented from resisting the act by threats of great and immediate bodily harm, accompanied by apparent power of execution.

"(3) Where she is under the age of twelve years. Lack of knowledge of the female's age shall not be a defense.

"Whoever commits the crime of aggravated rape shall be punished by death."

■■ Counsel has cited no authority to support his contention. A mere reading of Article 42 of the Criminal Code refutes this contention. The offense may be committed under one or more of three stated circumstances. We observe from the per curiam of the trial judge that the prosecutrix resisted to her utmost and that the defendant drew a knife on her and made threats in his attempt to prevent her from resisting the act. There is no merit in these bills of exceptions.

Bill of exception No. 3 is leveled to the court's overruling of the defendant's objection to going to trial. This bill is predicated on the ground that his counsel did not have sufficient time to prepare his defense. The defendant was indicted on September 7, 1949. He was arraigned on September 9th and, after having pleaded not guilty, his case was set for trial for October 3, 1949. On September 16, 1949 the lower court permitted counsel to withdraw the defendant's plea of not guilty in order that he might file a motion for a bill of particulars. The district attorney answered the motion setting out the particulars. Counsel for the defendant contended that this answer was not sufficient and the court permitted opposing counsel to argue and submit the matter on September 23, 1949, on which date the lower court ruled that the answer sufficiently informed the defendant of the subsections of Article 42 of the

Criminal Code under which the defendant was being tried. On October 3d, the date fixed for trial, counsel for the defendant objected to going to trial on the ground that the defendant had not been legally arraigned. He took the position that the arraignment had previously been set aside when the motion for a bill of particulars was filed. The defendant was re-arraigned and counsel objected to going to trial on the ground that he did not have sufficient time to prepare the defense.

While counsel argues that additional witnesses might have been obtained on behalf of the defendant, he does not point out who they might be or what he could prove by them. We find in the record a motion filed by counsel on September 27, 1949 wherein he requested an order to summon and attach two witnesses residing outside the parish by whom he expected to prove the innocence of the accused. The lower court granted the order and it appears that these witnesses were present at the trial.

■ There is no merit in this bill because the defendant had ample opportunity to prepare his defense and no showing is made that he could have secured any additional evidence had a continuance been granted. His counsel evidently knew that the arraignment was set aside only for the purpose of permitting him to file a motion for a bill of particulars on September 16th because he filed a motion on September 27th requesting an order for the summoning and the attachment of the two witnesses resid-

ing out of the parish to appear on October 3d, the date of the trial.

■ Bill of exception No. 4 was taken to the overruling of a motion for a continuance based on the ground that a defense witness was absent. An attachment was issued and this witness appeared and testified in the case.

Counsel for the defendant concedes that there is no merit in his bill of exception No. 5.

■ Bill of exception No. 6 was taken to the overruling of a motion for a new trial based on grounds alleged in the bills heretofore considered and that the verdict was contrary to the law and the evidence. Having disposed of the grounds urged in the bills of exceptions, there is no merit in this bill.

For the reasons assigned, the conviction and sentence are affirmed.