HAWTHORNE, Justice.
 

 We granted writs in this case solely for the purpose of reviewing a ruling of the district court ordering the State to elect and inform the defendants whether it intended to prosecute them under Subsection (1) or under Subsection (2) of Article 30 of the Louisiana Criminal Code, and if under Subsection (2), then to elect and inform the defendants whether the State would contend that both defendants were engaged in the perpetration or attempted perpetration of simple robbery or armed robbery.
 
 [1]
 

 Defendants-respondents, William S. Rowan and Herbert Ray Mears, were charged with murder in the short-form indictment
 
 *287
 
 authorized by Article 235 of the Code of Criminal Procedure. After defendants’ motion to quash the indictment was overruled,
 
 [2]
 
 they filed a motion for a bill of particulars, in which the State was called upon, among other things, to inform the defendants whether they were being prosecuted under Subsection (1) or under Subsection (2) of Article 30 of the Louisiana Criminal Code, and if under Subsection (2), to state the felony the defendants were allegedly perpetrating when the killing occurred. In answer to the motion for a bill of particulars the State informed the defendants that they were being prosecuted for the crime of murder under both Subsection (1) and Subsection (2) of the article-under Subsection (1) in that the offense was committed while the defendants had the specific intent to inflict great bodily harm, and under Subsection (2) in that the offense was committed while the defendants were engaged in the perpetration of both armed and simple robbery. Counsel for defendants objected to this answer and called upon the State to elect. Pursuant to this objection the lower court entered the order set forth above.
 

 It is averred by the State that these two defendants conceived the plan of allowing themselves to be picked up by an alleged homosexual whom they intended to beat and rob, that in the course of this venture they actually robbed and beat the deceased with their fists and with a large, heavy metal flashlight, and that as a result of this he died.
 

 In the State’s answer to the motion for a bill of particulars it informed the defendants that they “had the specific intent to inflict great bodily harm upon the person of the Deceased”; that the defendants “were at the time of the alleged offense [murder], engaged in the perpetration of simple robbery and armed robbery, both of which alleged crimes were actually consummated”; and, further, that “the simple robbery and armed robbery were accomplished by the Accused while committing a battery upon the Deceased with the use of their hands and fists and subsequently by committing a battery upon the person of the Deceased while armed with a dangerous weapon, to-wit: a large, heavy metal flashlight and battery case, with which the Deceased was struck”.
 

 Article 30 of the Louisiana Criminal Code describes two sets of circumstances under which the crime of murder can be committed, but it is obvious that this crime can be committed under any one of the two sets of circumstances, and also under a combination of the circumstances, set out in Subsections (1) and (2). The State’s answer to the motion for a bill of particulars shows that the crime in the instant case is alleged to have been committed under circumstances set out in both subsections of the article. In short, murder can be committed under Subsection (1) or under Sub
 
 *289
 
 section (2) of the article or under both subsections at the same time, which is exactly what is alleged to have happened in the instant case. Consequently the judge erred in ordering the State to elect.
 

 The cases of State v. Prince, 216 La. 989, 45 So.2d 366, and State v. Jackson, 227 La. 642, 80 So.2d 105, are complete authority for the conclusion that in the instant case the State should not be forced to elect.
 

 Respondents say that if the answer of the State to their motion for a bill of particulars stating that they were being prosecuted for the crime of murder committed under both Subsection (1) and Subsection (2) of Article 30 be deemed sufficient and the State is not required to elect, then they cannot adequately prepare their defense to the charge since they are not sufficiently informed of the nature and cause of the accusation against them as guaranteed by Article 1, Section 10, of the Louisiana Constitution of 1921.
 

 It has been said by this court that “The purpose of a bill of particulars is to afford an accused a reasonable amount of information in order that he may properly prepare his defense, and to limit the scope of proof and restrict the introduction of evidence”. State v. Dugan, 229 La. 668, 86 So.2d 528, 529, and authorities there cited. The bill of particulars in this case certainly affords respondents ample information to properly prepare their defense, and their complaint that it does not is without merit.
 

 Their real complaint seems to us to be that the bill of particulars affords them too much information ! In fact, respondents by their objection to the State’s answer to their motion for a bill of particulars and by their motion to elect are not seeking information in order to prepare their defense, but are seeking to limit the State in its proof and restrict the introduction of evidence. If they can compel the State to elect as they here seek to do, then the evidence will be so restricted and limited that the State cannot show all the facts and circumstances surrounding the crime charged even though these facts and circumstances constitute only one continuing transaction. We cannot subscribe to the ruling of the lower court which produces such a result.
 

 Respondents rely principally on the case of State v. Holmes, 223 La. 397, 65 So.2d 890. In that case we held that it was error for the State to refuse to give by bill of particulars the specific felony which the defendant, who was charged with simple burglary,
 
 [3]
 
 intended to commit when he entered the dwelling. That case has no application here and cannot be construed to mean that if the offense there charged, simple burglary, had been committed under one or more of the circumstances set forth in the statute defining that offense, the State would have had to elect under which circumstances it was prosecuting the defendant.
 

 
 *291
 
 For the reasons assigned the ruling of the trial judge ordering the State to elect in the instant case is annulled, reversed, and set aside, and the case is remanded to the district court to be proceeded with according to law.
 

 [1]
 

 . Article 30 of the Orimial Code, E..S. 14:30, reads:
 

 “Murder is the killing of a human being,
 

 “(1) When the offender has a specific intent to kill or to inflict great bodily harm; or
 

 “(2) When the offender is engaged in the perpetration or attempted perpetration of aggravated arson, aggravated burglary, aggravated kidnapping, aggravated rape, armed robbery, or simple robbery, even though he has no intent to kill. * * * ”
 

 [2]
 

 . The correctness of the ruling on the motion to quash is not before us in these proceedings. Respondents may obtain a review of the lower court’s ruling on it on appeal in the event of conviction.
 

 [3]
 

 . R.S. . 14:62.