SANDERS, Justice.
By Bill of Information, the State charged Robert Harley Redden and six others with a violation of LSA-R.S. 40 :- 1033(4) “in that they actually and constructively possessed and controlled a barbiturate and a central nervous system stimulant.” Defendant Redden filed an application for a bill of particulars, seeking to require the State to furnish him 'five items of information. The State answered that the defendant was not entitled to the requested information. ' ' '
After a hearing on the application, the trial judge ordered the State to answer paragraphs 1 and 3 of the motion reading as follows:
“Is mover charged with having on his ‘person’ a barbiturate and a central nervous system stimulant?
“If the answer to Paragraph 1 is in the negative, is mover charged with *294 having constructive possession of a barbiturate and a central nervous system stimulant ?”
Upon the State’s application, we granted certiorari under our supervisory jurisdiction. 254 La. 643, 226 So.2d 336.
The sole question for our determination is whether the trial court erred in ordering the State to answer the interrogatories in the application for a bill of particulars. We hold that the trial court erred.
Article 480 of the Louisiana Code of Criminal Procedure provides:
“If an offense may be committed by doing, one or more of several acts, or by one or more of several means, or with one or more of several intents, or with one or more of several results, two or more of such acts, means, intents, or results may be charged conjunctively in a single count of an indictment, or set forth conjunctively in a bill of particulars, and proof of any one of the acts, means, intents, or results so charged or set forth will support a conviction.”
In defining the crime charged, LSA-R.S. 40:1033 provides:
“The following acts shall be unlawful:
“(4) The actual or constructive possession or control of a barbiturate, a central nervous system stimulant or a'hallucinogenic drug by any person, unless such person obtained such drug on the prescription of a practitioner, or unless such person obtained such drug by direct delivery from a practitioner for bona fide medical use; and except as provided in R.S. 40:1035.”
The narcotic statute makes it quite clear that the offense includes actual possession, constructive possession, or control of the narcotic drug. The offense may be committed by one or more of several acts or means. Hence, under Article 480, C.Cr. P., the State had the right to charge actual possession and constructive possession in the conjunctive. See State v. Rogers, 241 La. 841, 132 So.2d 819; State v. Rowan, 233 La. 284, 96 So.2d 569.
As phrased, the interrogatories are designed to force the State to elect between actual and constructive possession.
The State’s evidence relating to possession is privileged and immune from pre-trial discovery. State v. Hunter, 250 La. 295, 195 So.2d 273; State v. Pailet, 246 La. 483, 165 So.2d 294. The State may not be forced to elect between actual possession and constructive possession. See State v. Rogers, supra; State v. Rowan, supra. The rule against such election is especially important in a prosecution like the'present one in which several defendants are charged with the possession of a narcotic drug based on the same incident. Classification of possession- as actual' or *296 constructive is often quite hazardous for the State in advance of trial.' The defendant, on the other hand, is fully advised by the charge that he must be prepared to defend against both actual and constructive possession. The bill of particulars is designed to assure the defendant of a full understanding of the nature and cause of the charge against him. See LSA-C.Cr.P. Art. 484. It should not be converted into a trap for the unwary.
For the reasons assigned, the ruling of the district court is reversed, and the case is remanded for further proceedings according to law and consistent with the views herein expressed.