273 So.2d 504 (1973)
STATE of Louisiana
v.
Phillip Ray ALLEN.
No. 52211.
Supreme Court of Louisiana.
February 19, 1973.
*505 Kirby & McLeod, Robert P. McLeod, Monroe, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., LeRoy A. Hartley, Special Asst. Atty. Gen., Donald K. Carroll, Dist. Atty., for plaintiff-appellee.
SUMMERS, Justice.
Appellant, Phillip Ray Allen, was convicted of aggravated rape as denounced by Article 42 of the Criminal Code. He was sentenced to imprisonment for life. Nine bills of exceptions are urged on this appeal to reverse the conviction.

Bills 2 and 3
Defense counsel moved for a mistrial stating that he "objects to the fact that the jurors thus far seated, were not sequestered pursuant to Article 791 of the Code of Criminal Procedure, and that the failure to sequester each jury member as he was sworn, constitutes prejudicial error...."
In his ruling denying the motion the judge declared, "the jury has been kept under supervision of an officer. They have not been permitted to go anywhere outside of the supervision of an officer, and when we recessed at noon, they were instructed to stay together under the supervision of the Sheriff and his officers, and sequestration means keeping them secluded and away from outside communications, and it is the judgment of the Court that they have been kept secluded and away from outside communications ...." By per curiam the trial judge further explained: "At all times after the jurors were selected and sworn they were kept together, in seclusion, and under the supervision of an officer, and specifically instructed to communicate with no one and to receive no communication concerning this case."
Most of the quoted statements of defense counsel and the trial judge are conclusions. It is difficult to determine from these statements exactly what happened or what instructions the jurors received. Based upon the information available, however, we consider the ruling to be correct. By the judge's statement it is fair to conclude that Article 791 of the Code of Criminal Procedure has been complied with. It reads:
A jury is sequestered by being kept together in charge of an officer of the court so as to be secluded from outside communication.
*506 In capital cases, after each juror is sworn he shall be sequestered ....
Apparently defense counsel is contending that Article 791 requires that as each juror is selected he must be sworn and removed from the courtroom. In State v. McAllister, 253 La. 382, 218 So.2d 305 (1969), this article was given a contrary interpretation saying this was not required, the Article providing only for keeping the jury together and secluded from outside communication after they were selected and sworn as a body. In the McAllister Case the presence of selected jurors in court while the remainder of the panel was being selected was not considered to be a violation of the prohibition against outside communication.
This bill has no merit.

Bill 5
State witness Sidney Crawford, a Richland Parish Deputy Sheriff, was being interrogated at the trial by the assistant district attorney with respect to his qualifications in criminal investigation. Defense counsel offered to stipulate to these qualifications but the prosecuting attorney declined, saying, "I'm going to use him for the limited purpose of proving that the man was advised what was right. That is one of the most important things that you all are going to appeal on."
Whereupon defense counsel moved for a mistrial, stating that the remark was highly prejudicial. The trial judge denied the motion and instructed the jury to disregard the statement.
As we understand the defense contention, he felt the remark of the assistant district attorney carried with it the assumption that defendant would be convicted at the trial, and that he was, in fact, guilty. Thus the defendant was deprived of the presumption of innocence to which he was entitled.
The trial judge was of the opinion that no prejudice resulted from the remark because the incident occurred so quickly. He felt that the jury was completely unimpressed by the incident. We agree.

Bills 9 and 10
After a guilty verdict was returned, a motion for a new trial was filed by the defense. It was alleged that Gloria Means and Lottie Ann Jones voluntarily came to the office of defense counsel. They related that they were with defendant continuously during the time when the rape was alleged to have been committed, and he could not have committed the act.
A hearing was held on the motion in which defense counsel sought to call one Lee Robinson as a witness in support of the claimed alibi. Defendant intended to support by Robinson's testimony the testimony of Gloria Means and Lottie Ann Jones that the accused was with Gloria Means in Robinson's cafe at the crucial time. Objection was made by the prosecution that the witness Robinson's name was not listed in the motion for a new trial as a witness who would testify as required by Article 854 of the Code of Criminal Procedure. When the trial judge sustained the objection on the two occasions when Robinson was offered as a witness, these bills were reserved.
Article 854 supports the ruling, for it provides that a motion for a new trial based upon newly discovered evidence "shall contain allegations of fact, sworn to by defendant or his counsel, showing:... (2) The names of the witnesses who will testify and a concise statement of the newly discovered evidence."
Moreover, Robinson's testimony would have been merely cumulative in a most ordinary way of the testimony given by the two women. His testimony to the effect that the accused went into Robinson's cafe with Gloria Means for something to eat *507 would have added no new facts. Since the testimony of these women was itself unconvincing, the judge properly limited testimony on this question.
This bill has no merit.

Bill 11
This bill was reserved during the hearing on the motion for a new trial. The physician who examined the rape victim on the night of the crime was asked if he called the coroner. He replied he did not. Defense counsel then asked him, "And why not?" The State's attorney objected and the objection was sustained.
It is contended that Article 105 of the Code of Criminal Procedure requires a coroner's examination of the victim in such a case, and when this is not done the accused is denied constitutional due process. The contention has no merits. Article 105 prescribes, "In a case involving the apparent commission of a crime, the coroner shall make a written report of his investigation to the district attorney...." This article is designed primarily to provide the flow of information needed by the office of the district attorney in cases of apparent homicide. See Official Revision Comments. Noncompliance with its provisions has no bearing upon the requirements of due process. The defense contention is that there was no medical evidence of penetration in the sexual intercourse to which the victim claimed she was forced to submit. A coroner's report is not essential to prove this fact. To the contrary, by the very terms of Article 105, a coroner's report "shall be competent evidence of death and the cause thereof, but not of any other fact." Sexual intercourse and penetration may be proved by other competent evidence. Undoubtedly the proof adduced satisfied the jury. This issue did not fulfill the requirement of newly discovered evidence which would warrant the granting of a new trial.
The bill has no merit.

Bill 12
At the hearing held on the motion for a new trial, the Sheriff of Richland Parish was being questioned by defense counsel. In an effort to show the Sheriff's bias against Allen prior to the commission of the crime, he was asked, "Sheriff, isn't it a fact that you indicated to Phillip Ray Allen or somebody in your office did, that if he didn't get out of town something was going to happen to him?" The question was objected to by the State because it was not new evidence. The objection was sustained.
A showing that the exercise of reasonable diligence failed to disclose these facts was not made. Nor do we feel that the Sheriff's reply, if favorable to the accused, would have changed the verdict. No substantial basis for granting a new trial is shown by this ruling. La.Code Crim.Proc. art. 851.

Bill 13
While the hearing on the motion for a new trial was in progress defense counsel filed a motion in arrest of judgment. After the hearing was completed and the motion for a new trial was denied, the motion in arrest of judgment was urged and denied both on its merits and because it came too late.
The motion in arrest of judgment is based upon allegations that the judgment of the jury is not responsive to the indictment which is also defective in that it did not indicate the criminal statute defendant was charged with violating; and, further, that the judgment of the jury was not responsive to the indictment in that the verdict made no reference to the charge.
Pertinently the indictment reads: "Phillip Ray Allen committed aggravated rape upon (name of victim)." As thus drawn the indictment satisfies the specific indictment form authorized by Article 465 of the Code of Criminal Procedure. It is a form *508 approved by this court. State v. Barksdale, 247 La. 198, 170 So.2d 374 (1965), cert. denied, 382 U.S. 921, 86 S.Ct. 297, 15 L.Ed.2d 236; State v. Clark, 242 La. 914, 140 So.2d 1 (1962), cert. denied, 371 U.S. 222, 83 S.Ct. 311, 9 L.Ed.2d 273.
The verdict in this case was "Guilty Without Capital Punishment." There are no formal requirements as to the language of the verdict except that it shall clearly convey the intention of the jury. La.Code Crim.Proc. art. 810. In our view this verdict is entirely adequate.
On its merits the motion in arrest of judgment was properly denied. It is unnecessary therefore to decide on that part of the ruling which held that the motion was not timely filed.

Bill 14
This bill was reserved to the denial of defense counsel's motion for a complete transcript of the voir dire examination of prospective jurors and the final arguments. The trial judge's per curiam effectively demonstrates that this bill is without merit. He said:
Before the voir dire examination of jurors began, the court asked defense counsel if they desired that a record be made of this testimony. It was the response of counsel that they would not require the recordation of all of the testimony, subject to the right to have any portion recorded at their request. This was agreed to by the District Attorney and the Court. Thereafter, all voir dire testimony was recorded when requested by defense counsel No objection was made to this procedure until long after the conclusion of the trial.
The court listened carefully to the arguments of counsel and heard no objectionable statements made, nor was any objection made by counsel to any statements made in argument.
For the reasons assigned the conviction and sentence are affirmed.