292 So.2d 681 (1974)
STATE of Louisiana, Appellee,
v.
Anthony RUSSELL, Appellant.
No. 54135.
Supreme Court of Louisiana.
March 25, 1974.
Concurring Opinion April 4, 1974.
Murphy W. Bell, Director, Baton Rouge, Vincent Wilkins, Jr., Trial Atty., Lake Charles, for defendant-appellant.
*682 William J. Guste, Jr., Atty. Gen., Barbara B. Rutledge, Asst. Atty. Gen., Ossie B. Brown, Dist. Atty., Anthony J. Graphia, Asst. Dist. Atty., for plaintiff-appellee.
TATE, Justice.
The defendant was charged with and convicted of attempted aggravated rape, see La.R.S. 14:42 and 14:27, and sentenced to sixteen years at hard labor. On appeal, only one error is urged, namely, that the indictment is fatally defective, so that the conviction must be reversed and the prosecution dismissed.

1.
Our state constitution provides: "In all criminal prosecutions, the accused shall be informed of the nature and cause of the accusation against him * * *." Art. I, Section 10. Our Code of Criminal Procedure provides: "The indictment shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Article 464. (Italics ours.) The constitutional provision, as judicially interpreted, requires that the indictment itself must state all essential facts necessary to describe the nature and cause of the offense charged.[1]
The Code of Criminal Procedure also authorizes short-form indictments for the more common offenses. Article 465. Among these are "Aggravated Rape"[2] and "Attempt"[3]. We have upheld, as meeting the constitutional requirement that the accused be adequately informed of the nature and cause of the charge, a short form for attempted aggravated rapethat on a given date the accused "attempted to commit aggravated rape upon [CD], in violation of Articles 27 and 42 of the Louisiana Criminal Code." State v. Daniels, 262 La. 475, 263 So.2d 859 (1972).

2.
In the present instance the bill of information (i. e., the indictment, see La.C.Cr.P. art. 461), charged that the defendant Russell on October 18, 1972 "did violate L.R.S. 14:42 in that he attempted to rape" the victim.
There is no serious doubt as to the intent to charge "attempted aggravated rape". The reference to La.R.S. 14:42, defining the crime of aggravated rape[4], so *683 indicates; and (if such could be considered in determining the question, as under the jurisprudence they cannot) the caption on the back of the bill, the plea of not guilty to the charge, the minute entries prior to and at the trial, the opening statement of the prosecutor, and the charge to the jury, all plainly state the charge to be such.
However, the indictment itself does not charge that the accused attempted to "commit aggravated" rape of the victim, as required by the short formonly that he did violate La.R.S. 14:42 [which defines aggravated rape, see Footnote 4 above] in that he attempted[5] to rape "the victim.
Of course, if the language of La. R.S. 14:42 (referred to in the indictment) is read into the indictment, then the essential facts of attempted aggravated rape are sufficiently alleged. See State v. Chanet, 209 La. 410, 24 So.2d 670 (1946).[6] With exceptions not here pertinent, it is generally sufficient for a long form indictment to charge the offense in the language of the statute. State v. Spina, 261 La. 397, 259 So.2d 891 (1972); State v. Ward, 208 La. 56, 22 So.2d 740 (1945).

3.
Nevertheless, the defendant urges that the reference to La.R.S. 14:42 cannot be considered in determining whether the indictment sufficiently states the essential facts, as required by our state constitution. This contention is squarely based upon the leading decision of State v. Straughan, 229 La. 1036, 87 So.2d 523 (1956).
Straughan held unconstitutional a statute which permitted charging a defendant with the name and article number of the offense committed. The decision held that an indictment so drawn did not, as required by the constitutional provision, inform the accused of all the essential facts necessary to describe "the nature and cause" of the offense; that, even though such amplification could be secured by an accused through a bill of particulars, such bill of particulars formed no part of an indictment and could not validiate an indictment defective in itself because it did not incorporate such essential facts.
Straughan's holding can in part be distinguished on the difference between the nature of the offenses charged. There, the accused was charged with committing the crime of "gambling" on a given date.
*684 This is an offense which may be committed by many different acts of numerous types. See La.R.S. 14:90.
Thus, a reference to the statutory definition of "gambling" might not sufficiently inform the accused of the "nature and cause" of the offense with which he is charged. See State v. Dozier, 258 La. 323, 246 So.2d 187 (1971). Here, however, the accused is charged with an aggravated "rape" of a specific person on a specific date. This specific act is a crime which may be committed by three different methods. See Footnote 4. An indictment which charges him with this latter offense by reference to the statute thus informs him of the specific act which he is alleged to have committed, although not necessarily by the method by which he is alleged to have committed it.
However, as to the latter (the failure to charge which method), Straughan's holding must to some extent be understood in its context of the then-prevalent jurisprudence that the accused need not be furnished a bill of particulars as of right. See 87 So.2d 532, Footnote 4, and 87 So.2d 534. Since then, however, both the Code of Criminal Procedure of 1966, see Articles 464, 465 and Official Revision Comment (b) thereto, and 484, and the jurisprudence, have clarified the right of the accused to secure by a bill of particulars the essential facts of the charge against him, including the alleged method of commission of the offense when there are several specified by the statute. State v. Clark, 288 So.2d 612 (La. 1974) and many decisions cited therein; State v. Mann, 250 La. 1086, 202 So.2d 259 (1967). This is true, for example, even where aggravated rape is charged by the long-form indictment. State v. Collins, 242 La. 704, 138 So.2d 546, 557 (1962).
The short-form indictment for aggravated rape ("AB committed aggravated rape upon CD", see Footnote 2) has consistently been upheld as adequately informing the accused of the essential facts of the charge against him, taking into consideration his right by a bill of particulars to secure the alleged method or methods[7] of his commission of the offense (since the statute provides three methods by which the crime may be committed, see Footnote 4). State v. Barksdale, 247 La. 198, 170 So.2d 374 (1965); State v. Clark, 242 La. 914, 140 So.2d 1 (1962); State v. Chanet, 209 La. 410, 24 So.2d 670 (1946). Likewise, for the same reasons, a short-form charging attempted aggravated rape ("AB attempted to commit aggravated rape upon CD") has been upheld. State v. Daniels, 262 La. 475, 263 So.2d 859 (1972); State v. Prince, 216 La. 989, 45 So.2d 366 (1950).
If such short-form indictments meet the constitutional test of incorporating the essential facts, and if a long-form indictment charging aggravated rape in terms of statutory definition adequately states the "essential facts" required by statute, see State v. Collins, 242 La. 704, 138 So.2d 546, 557 (1962), we find it difficult to hold that the present indictment does not likewise do so.
The indictment charges that the defendant "did violate L.R.S. 14:42 in that he attempted to rape" the victim. It does not specifically state that he attempted to commit aggravated rape of the victim, but it does state that he violated La.R.S. 14:42 by his attempt to rape the victim.
This statute defines aggravated rape (see Footnote 4) and states the methods by which aggravated rape is committed. Had the language of the statute been incorporated in full in the indictment, instead of by reference, there is no question, as the cited cases show, but that it would adequately meet the constitutional and statutory tests. We can see no logical or practical reason why the incorporation by reference instead of verbatim should have a different *685 legal effectat least, in the absence of misleading reference, and considering the right of the accused to secure further amplification of the charge by a bill of particulars.
The Straughan decision states the philosophical and functional reasons for its holding in these terms, 87 So.2d 537:
"The purpose of this written accusation [the indictment] is (1) to inform him fully and clearly of the crime charged against him; (2) to inform the court of such charge so that it may determine whether the facts alleged constitute the crime and will sustain a conviction thereof, and justify proceeding to trial; (3) to enable the defendant to prepare his defense against such charge, and to take any appropriate proceedings prior to his trial, such as the filing of a motion to quash for insufficiency; and (4) to enable him to plead a judgment rendered against him, either of acquittal or conviction, in bar of a subsequent prosecution for the same crime charged, or for which he was formerly tried."
If (as is conceded) short-form indictments fulfill these important purposes, as do long-form indictments couching the charge in the language of the criminal statute involved, we can see no reason why the present indictment does not also accomplish them and, thus, both adequately protect the accused and inform the court.
From the moment of the indictment, at the time of his plea, and all during the trial, the defendant was put on notice that he was charged with attempted aggravated rape of a certain person on a certain date. By bill of particulars, as in the case of the short-form indictment, he was entitled to learn more fully of the essential facts, if needed. He was fully able to prepare his defense to the offense charged. He does not, in fact, claim any surprise.
Likewise, the court was fully informed of the offense charged. And, from mere inspection of the indictment, the defendant is as adequately protected from further prosecution for the same offense for which tried, as in the case of a short-form indictment.
We therefore do not find any defect in the indictment, in the absence of surprise or prejudice, such as would justify our holding it a complete nullity, where no objection to it was raised before trial, conviction, or sentence, and where in fact, despite any technical defect, it sufficiently informed the accused of the nature and cause of the crime with which he was charged. To the extent that the holding or language in State v. Straughan, 229 La. 1036, 87 So.2d 523 (1956) is inconsistent with our holding today, it is overruled.

Decree
We therefore affirm the conviction and sentence.
Affirmed.
BARHAM, J., dissents.
SUMMERS, J., concurs with reasons.
SUMMERS, Justice (concurring).
Although I agree with the result reached in this case, I find a statement in the majority opinion which requires correction. It is stated that under the jurisprudence the caption on the back of the bill cannot be considered. This is incorrect. In State v. Cooper, 249 La. 654, 190 So.2d 86 (1966), this Court held:
"The argument advanced by defendant is that charging that she did `unlawfully kill' Leroy Fontenot charges no criminal homicide, as the law defines only three killings as crimes: murder, manslaughter and negligent homicide, and to charge that she `unlawfully killed' charges neither of these three. But this indictment does charge the crime of `Manslaughter', for the indorsement of the foreman of the grand jury setting out the `Charge' *686 for which a true bill was found is as much a part of the indictment as the remainder of the document. R.S. 15:3 (now Art. 383, La.Code Crim.Proc.). Thus the indictment answers the contention that it does not charge a criminal homicide when it unmistakeably charges `Manslaughter', a well-known and well-defined crime both historically and by the statute law of the State. It should be noted, too, that the indictment makes reference to the title and section of the revised statutes (R.S. 14:31) where the definition of manslaughter may be found. A fair reading of the whole document makes it apparent that the accused is charged with manslaughter and not some other killing such as murder or negligent homicide." (emphasis added.)
NOTES
[1] See State v. Straughan, 229 La. 1036, 87 So. 2d 523 (1956) for a scholarly discussion of the judicially ascribed reasons for this requirement, held to be sacrosanct to the validity of an indictment. See concurring opinion and appendix in State v. Smith, 275 So.2d 733, 734 (La.1973) for summary of decisions, recent and old, applying this requirement in its full rigor.
[2] The Article provides the following short-form: "Aggravated RapeA.B. committed aggravated rape upon C.D."

Compare the short-form for the lesser crime: "Simple RapeA.B. committed simple rape upon C.D."
[3] The Article provides the following short-form: "AttemptA.B. attempted to . . . (commit theft of one riflestate property subject of the theft; rob C.D.; or murder C.D.; as the case may be.)"
[4] La.R.S. 14:42 provides:

"Aggravated rape is a rape committed where the sexual intercourse is deemed to be without the lawful consent of the female because it is committed under any one or more of the following circumstances:
(1) Where the female resists the act to the utmost, but her resistance is overcome by force.
(2) Where she is prevented from resisting the act by threats of great and immediate bodily harm, accompanied by apparent power of execution.
(3) Where she is under the age of twelve years. Lack of knowledge of the female's age shall not be a defense.
Whoever commits the crime of aggravated rape shall be punished by death."
Compare La.R.S. 14:43, defining "Simple rape" and providing for its punishment:
"Simple rape is a rape committed where the sexual intercourse is deemed to be without the lawful consent of the female because it is committed under any one or more of the following circumstances:
(1) Where she is incapable of resisting or of understanding the nature of the act, by reason of stupor or abnormal condition of the mind produced by an intoxicating, narcotic or anesthetic agent, administered by or with the privity of the offender; or when she has such incapacity, by reason of a stupor or abnormal condition of mind from any cause, and the offender knew or should have known of her incapacity.
(2) Where she submits under the belief that the person committing the act is her husband and such belief is intentionally induced by any artifice, pretense, or concealment practiced by the offender.
(3) Where she is incapable, through unsoundness of mind, whether temporary or permanent, of understanding the nature of the act; and the offender knew or should have known of her incapacity.
Whoever commits the crime of simple rape shall be imprisoned at hard labor for not less than one nor more than twenty years."
[5] La.R.S. 14:27 relevantly defines an "Attempt" as:

"A. Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.
"B. Mere preparation to commit a crime shall not be sufficient to constitute an attempt; but lying in wait with a dangerous weapon with the intent to commit a crime, or searching for the intended victim with a dangerous weapon with the intent to commit a crime, shall be sufficient to constitute an attempt to commit the offense intended.
"C. An attempt is a separate but lesser grade of the intended crime; and any person may be convicted of an attempt to commit a crime, although it appears on the trial that the crime intended or attempted was actually perpetrated by such person in pursuance of such attempt. * * *".
[6] For a long form indictment adequately charging aggravated rape, see State v. Collins, 242 La. 704, 731, 138 So.2d 546, 556 (footnote 11) (1962).
[7] Where the state is uncertain as to which method was used, the indictment or bill of particulars may set them forth conjunctively. La.C.Cr.P. art. 480. See State v. Pratt, 255 La. 919, 233 So.2d 883 (1970).