SCHOTT, Chief Judge.
Defendant was convicted of three counts of willfully failing to pay over to the state sales taxes due from a retail business for the months of August, September, and October, 1985, in violation of R.S. 47:1641.
Defendant was the treasurer of a corporation operating a retail food and beverage establishment. She was tried on nine counts of failing to remit sales taxes, one count for each month from April through October, 1985 and March and April, 1987.
A review of the record for errors patent reveals none except in the wording of the indictment which was assigned as an error by defendant and is treated below.
By her first assignment of error, defendant contends that the trial court erred in denying her Motion to Quash the indictment because in each count the word “willfully” is omitted from the description of the offense.
R.S. 47:1641 provides that any person obliged to collect and pay over sales tax and “who willfully fails.... to pay over such tax_” commits the crime. Defendant contends that without the word “willfully” she was not charged with an offense. Defendant requested that the jury be permitted to view the indictment and contends she was prejudiced by the court’s denial of this request.
In the context of a criminal charge “willfully” and “intentionally” have the same connotation. State v. Clark, 242 La. 914, 140 So.2d 1 (1962). See also State v. Vinzant, 200 La. 301, 7 So.2d 917, 922 (1942). In the absence of qualifying provisions in a criminal statute the terms “intent” and “intentional” have reference to “general criminal intent”. R.S. 14:11. In R.S. 47:1641, there are no qualifying provisions for the word “willfully” other than the definition of the crime itself, i.e., the failure to pay over tax which the accused was required to collect from her customers. Since the offense includes only a general criminal intent, the word “willfully” (intentionally) was not required to be included in the indictment. C.Cr.P. art. 472. This assignment is without merit. Parenthetically, we note that defendant's argument that she did not pay the tax because she was unable to do so was contradicted by the record which showed that she was withdrawing substantial sums from the business for her personal use.
By her second assignment, defendant argues that the trial court erroneously refused to give the jury a special instruction she requested.
The evidence showed that by the end of 1985, defendant’s company owed about $17,000 in accumulated sales taxes. Early in 1986, defendant gave the state tax collector a check for $10,000 which she specifically designated on the face of the check was to be for sales taxes. At this time, *946 defendant’s company also owed delinquent payroll withholding tax and Retail Alcoholic Beverage tax. The state’s district director of revenue testified that defendant’s sales tax payment was credited against the other taxes because of the three, only non payment of the sales tax could result in a “cease and desist” penalty.
The requested instruction was a quotation from Article 1864 of the Louisiana Civil Code which provides that an obli-gor who owes several debts to the same obligee has the right to impute payment to the debt he intends to pay. The trial court is obliged to give the jury an instruction specially requested by the defendant when it does not require qualification, limitation, or explanation. State v. Washington, 533 So.2d 392, 395 (La.App. 4th Cir.1988). This particular requested instruction would have little meaning to the jury standing alone. In the absence of a great deal of explanation it would be ambiguous, vague, and confusing to the jury. Thus, the trial judge properly declined to deliver it.
As matters turned out, even if this instruction had been appropriate the refusal to deliver it to the jury was harmless error. Defendant was found not guilty of failing to remit the taxes for April, May, June, and July, 1985. These taxes came to a little more than $10,000. Apparently, the jury gave defendant credit for this amount against the months covered by the first four counts even without the requested instruction. This assignment is without merit.
Finally, the defendant assigns error in the trial court’s overruling of her objection to the admissibility into evidence of computer printout sheets from the state’s records.
In State v. Hodgeson, 305 So.2d 421, 428 (La.1975) the court held that print-out sheets of business records stored in a computer were admissible under the business records exception to the hearsay rule, if relevant and material, without the necessity of producing the individual who made the entries in the regular course of business if it was shown that: 1) the computing equipment is recognized as standard equipment; 2) the entries are made in the regular course of business at or reasonably near the time when the recorded event occurred; and, 3) the foundation testimony satisfies the trial court that the information’s source, and the method and time of preparation indicated its trustworthiness and justified its admission.
The state’s witnesses testified that they had access to computer terminals in order to retrieve the print-outs of defendant’s account. One of the witnesses, Douglas Hebert, testified that he cheeked the print-out against the returns filed by defendant. The figures on the print-out matched the returns including the fact that no payments were made for the months in question except April, 1987 when a partial payment was made. He testified that it was not his, nor any one employee’s, duty to maintain the records and he acknowledged that some errors in the computer records had surfaced in the past. All of this was sufficient to establish the elements listed above in the Hodgeson case.
Accordingly, the conviction and sentence are affirmed.
AFFIRMED.